**Henry Samuel BUSH, Jr., and Francis D. George, Appellants,**

v.

**John E. JOHNSON and Imperial Insurance Incorporated, a corporation, Appellees.**

**No. 3770.**

District of Columbia Court of Appeals.

Argued Nov. 15, 1965.

Decided Jan. 19, 1966.

Ralph R. Curry, Washington, D. C., for appellants.

. Joel Savits, Washington, D. C., for appellee Imperial Insurance Incorporated. Samuel Barker, Washington, D. C., also entered an appearance for appellee Imperial Insurance Incorporated. No appearance for appellee John E. Johnson.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

Appellee Johnson sued appellants Bush and George, alleging that an automobile owned by George and operated by Bush had collided with and damaged his automobile. George answered by denying any liability. Bush answered and in effect admitted liability, but named appellee Imperial Insurance Incorporated as a third-party defendant, asserting that at the time of the collision there was in effect an insurance policy issued by Imperial to him which indemnified him against liability through collision, and he sought judgment against Imperial for the amount of any judgment rendered against him in favor of Johnson. Imperial answered by denying that any policy of insurance between it and Bush was in existence at the time of the collision.

At trial Johnson proved the damages to his car, and Bush admitted his liability as the driver of the car which did the damage. Bush also testified that he had purchased the car and that he was the owner of it, although it was registered in the name of George, his sister. With respect to his third-party claim, Bush introduced in evidence an automobile insurance policy, with a property damage liability far exceeding the amount here involved, issued to him by

Imperial for a period of six months, beginning June 19, 1964, and expiring December 19, 1964. The policy provided for cancellation by the company by a mailing of "written notice stating when not less than ten days thereafter such cancellation shall be effective." Bush also introduced a cancellation notice from Imperial dated November 4, 1964, stating cancellation would "be effective November 14, 1964, at 12:01 a. m." The collision occurred about 5 o'clock in the morning of November 14.

On cross-examination Bush admitted he had never advised Imperial or its agent that the car was registered in the name of George, but he testified that the agent discussed with him only the question of who would be driving the car and that he gave all the information requested by the agent.

Imperial offered no evidence, documentary or oral, but argued to the court that the insurance had been fraudulently procured, and in any event had been canceled prior to the collision. The court, without making any findings of fact or conclusions of law, found in favor of Johnson against both George and Bush, and found in favor of Imperial on Bush's third-party claim.

Bush has appealed from the denial of his claim against Imperial, and George has appealed from the judgment against her in favor of Johnson.

■ We agree with Bush that the record shows no basis for denying his claim against Imperial. Assuming that the notice of cancellation was mailed on the day appearing thereon, it is plain that the ten-day period fixed by the policy for cancellation did not expire until midnight of November 14, and the collision occurred in the early morning of that day. The policy was in effect when the collision occurred, and in-deed Imperial in its brief here does not argue otherwise.

■ Imperial seeks to sustain the judgment in its favor on the ground that a false statement in an application for insurance bars recovery if it materially affects the acceptance of the risk, and argues that Bush's failure to disclose that the car was registered in his sister's name was such a misrepresentation. However, if there was a written application, Imperial failed to introduce it in evidence. The only evidence on the point is the testimony of Bush that he was never asked any question regarding title registration and that he answered all questions freely and truthfully. On this record it cannot be said that Bush made any material misrepresentation that would void the policy.

■ With respect to the judgment for Johnson against George, the uncontradicted evidence was that the car was the property of Bush and that George held only the bare, legal, registration title. As she was not the driver of the car, liability could be imposed on her only by virtue of the Motor Vehicle Safety Responsibility Act.[1] Under very similar circumstances, in Johnson v. Keyes, D.C.App., 201 A.2d 24, 26 (1964), we ruled: "Though the car was registered in her name, she did not have the power to allow or prevent its use. Under such circumstances she was not the owner of the automobile within the meaning of the Act."[2] In the absence of any finding on the credibility of the testimony regarding ownership of the car, it was improper to impose liability on George.

Judgment in favor of Johnson against Bush affirmed; judgment in favor of Johnson against George reversed, with instructions to grant a new trial; judgment in favor of Imperial Insurance Incorporated on Bush's third-party complaint reversed with instructions to grant a new trial.

1. D.C.Code 1961, §§ 40–417 to 40–498c.

2. See also, Williams v. Rawlings Truck Line, Inc., D.C.Cir., (decided Dec. 30, 1965).