Adella C. BURT, Archibald Burt and William W. Mumford, Appellants,

v.

Henry CORDOVER and Celia Cordover, Appellees.

No. 1669.

Municipal Court of Appeals for the District of Columbia.

Argued Aug. 8, 1955.

Decided Oct. 6, 1955.

John Alexander, Washington, D. C., for appellants.

James T. Barbour, Jr., Washington, D. C., for appellees.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

This appeal presents the question whether appellees were the owners of an automobile within the meaning of the statute which provided: "Whenever any motor vehicle * * * shall be operated upon the public highways of the District of Columbia by any person other than the owner, with the consent of the owner, express or implied, the operator thereof shall, in case of accident, be deemed to be the agent of the owner of such motor vehicle, * * *."[1]

The undisputed facts were that appellees, mother and son, were joint owners of an automobile which they decided to sell. On August 20, 1952, the son entered into a written agreement to sell the automobile to one Bennett, who made a deposit of $50 and agreed to pay the balance of $225 on the following day, upon delivery of title and notarized bill of sale. On August 21 the mother and son signed the assignment of title on the reverse side of the District of Columbia certificate of title, and the son alone went before a notary public who notarized the assignment, indicating that both mother and son had personally appeared and made oath in due form. The son then delivered to Bennett the automobile, its keys and registration card, and the

---

1. Code 1951, § 40–403. This section was a part of the Owners' Financial Responsibility Act of May 3, 1935, which has now been superseded by the Motor Vehicle Safety Responsibility Act of the District of Columbia, effective May 25, 1955. Code 1951, Supp. III, § 40–417 et seq. The new law contains a provision identical with the one now under consideration.

assigned title certificate. It was agreed that the bill of sale would be delivered at a later time. Bennett's purpose in asking for the bill of sale was to have the automobile taxed in Maryland, where he intended to register it, on the basis of the actual sale price. Bennett drove the automobile away and on the following day, while he was driving it on his own business, it collided with appellant Burt's automobile which in turn collided with appellant Mumford's automobile. At that time Bennett's automobile was still registered in appellees' names, but thereafter they gave him the bill of sale and he registered the automobile in his name in Maryland.

The trial court found Bennett was negligent and awarded judgment against him in favor of appellants, but denied recovery against appellees on the ground that they were not the owners of the automobile within the meaning of the statute just quoted.

The statute under consideration does not define the term "owner," but appellants urge that the definition of owner used in the statute relating to registration of motor vehicles should be adopted. That statute defines an owner as "a person who holds the legal title to a motor vehicle".[2] Appellants argue that because the automobile was still registered in appellees' names at the time of the accident, they were the holders of the legal title and consequently were the owners within the meaning of the Act. They further argue that sale of the automobile was not completed because of the improper notarization of the assignment and because the bill of sale had not then been delivered.

Some support for appellants' contention is found in some State cases,[3] but we think our guide is found in Mason v. Automobile Finance Co., 73 App.D.C. 284, 121 F.2d 32, 35, where in construing the statute here involved it was said that the purpose of the statute was "to place the liability upon the person in a position immediately to allow or prevent the use of the vehicle and to do so by giving a lawful and effective consent or prohibition to its operation by others", that it was not intended "to impose liability upon one having a naked legal title with no immediate right of control", and that registration at the time of the accident is not conclusive as to ownership within the statutory meaning. See also Gasque v. Saidman, D.C. Mun.App., 44 A.2d 537.

In the present case there were all the essentials of a bona fide sale. There was a meeting of the minds, payment of the purchase price, and delivery of the vehicle. Despite failure of strict compliance with the law regulating transfer and recording of title, Bennett had lawful possession of the vehicle at the time of the accident and appellees had no authority or right to control or interfere with his use of it. From all practical aspects Bennett was the owner of the vehicle. Indeed, he was the holder of the legal title because he had bought and paid for the vehicle and it had been delivered to him. If he did not have the proper papers for registering the title in his name, he was certainly entitled to

2. "The term 'owner' means a person who holds the legal title to a motor vehicle or trailer the registration of which is required in the District of Columbia. If a vehicle is the subject of an agreement for the conditional sale or lease thereof with the right of purchase upon performance of the condition stated in the agreement and with an immediate right of possession vested in the conditional vendee or lessee, or if a mortgagor of a vehicle is entitled to possession, then such conditional vendee or lessee or mortgagor shall be deemed the owner for the purpose of these regulations." Code 1951, § 40–101.(c). The new Motor Vehicle Safety Responsibility Act uses substantially the same definition. Code 1951, Supp. III, § 40–418(g).

3. See Endres v. Mara-Rickenbacker Co., 243 Mich. 5, 219 N.W. 719; Noorthoek v. Preferred Automobile Ins. Co., 292 Mich. 561, 291 N.W. 6; Rainey v. Ross, 106 Cal.App.2d 286, 235 P.2d 45; Mackechnie v. Lyders, 134 Neb. 682, 279 N.W. 328. See also Garlick v. McFarland, 159 Ohio St. 539, 113 N.E.2d 92, and cf. Byrd v. American Guarantee & Liability Ins. Co., 4 Cir., 180 F.2d 246.

them. With the possible exception of a bona fide purchaser relying upon registered title, no one had the right to contest Bennett's ownership.

While Mason v. Automobile Finance Co., supra, did not deal with this exact situation, we think it logically follows from the principles there laid down that the principle of law applicable here is stated in Hofslund v. Metropolitan Casualty Ins. Co. of N. Y., 7 Cir., 188 F.2d 188, 192, where it was said:

"While there is some authority in other states to the contrary, we believe that the better reasoned opinions on this question hold that where the seller's and buyer's minds have met upon all the essential terms of the contract of sale, and thereafter the automobile is delivered by the seller and accepted unconditionally by the buyer, such a transaction constitutes a sale in which the title passes to the buyer even though there has not been a compliance with the registration law of the state."

Affirmed.