Harrison **JOHNSON** and Imperial *Insurance* Incorporated, **Appellants,**

v.

Geneva **KEYES, Appellee.**

No. 3456.

District of Columbia Court of Appeals.

Argued April 20, 1964.

Decided June 4, 1964.

---

———◇———

Joel Savits, Washington, D. C., for appellants. Samuel Barker, Washington, D. C., also entered an appearance for appellants.

Ora Marshino, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

This was a suit by appellants to recover for property damage to an automobile, the result of a collision between a vehicle operated by appellee's husband and one owned and operated by appellant Johnson. The sole question before the trial court was whether appellee was the "owner" of the vehicle driven by her husband within the meaning of the Motor Vehicle Safety Responsibility Act of the District of Columbia.[1] The facts are as follows:

Appellee was called as a witness for appellants and admitted that she was the registered owner of the car. She stated her husband bought the car and registered it in her name to avoid creditors who might seek to attach the automobile. He drove the car at all times as she did not know how to drive. In August 1962, two months before the accident, there was a marital separation and he took the car with him. He did not communicate with her after that, and she made no attempt to change the registration because she did not know the correct procedure.

1. Code 1961, § 40–417 et seq.

In her own defense appellee testified that at no time did she exercise any dominion or control over the car, nor did she have any discretion as to who drove it. She stated further that her husband never sought permission to use the car but assumed complete control over it.

On these facts the trial court held as a matter of law that appellee was not the true owner of the car, and that even assuming she was, she had not given any express or implied consent to operate it at the time of the accident in question.

 Code Section 40–418(g) defines "owner" as "[a] person who holds the legal title of a vehicle". Nevertheless, holding the registration certificate at the time of an accident is not conclusive as to ownership within the statutory meaning. Mason v. Automobile Finance Co., 73 App.D.C. 284, 287, 121 F.2d 32, 35 (1941). It is necessary to look to the purpose of the statute, namely, "to place the liability upon the person in a position immediately to allow or prevent the use of the vehicle and to do so by giving a lawful and effective consent or prohibition to its operation by others." Id., 73 App.D.C. at 287, 121 F.2d at 35. The object was not "to impose liability upon one having a naked legal title with no immediate right of control." Ibid. In the case at bar there was ample evidence for the finding that appellee had mere naked legal title to the automobile with no immediate right of control. Though the car was registered in her name, she did not have the power to allow or prevent its use. Under such circumstances she was not the owner of the automobile within the meaning of the Act. Compare Burt v. Cordover, D.C.Mun.App., 117 A.2d 116, 117 (1955).

 We also find that the alternate holding of the trial court is supported by the record. In Lancaster v. Canuel, D.C.App., 193 A.2d 555, 557–58 (1963), we reviewed the statutory provision[2] and decisions regarding the presumption that in case of an accident proof of ownership of the vehicle is prima facie evidence that it was being driven with the owner's consent. We noted that the presumption of agency may be rebutted by the uncontradicted denial by the owner that the vehicle was being operated with his permission. Id., at 558 of 193 A. 2d. Thus, even assuming appellee was the owner of the vehicle, her testimony was sufficient to overcome the legal effect of the presumption and raise a factual question as to whether the car was being driven with her consent, either express or implied. We think there was sufficient evidence to support a finding in her favor.[3]

Affirmed.

2. Code 1961, § 40–424.

3. Appellants' contention that such a result will condone the allegedly fraudulent purpose of registering the car in appellee's name is incorrect. The issue raised by this appeal is whether appellee was the owner of the car within the meaning of the Motor Vehicle Safety Responsibility Act, not whether a creditor of appellee's husband could attach the car to satisfy his claim.