**Anna HERMAN, Appellant,**

**v.**

**ANACOSTIA CHRYSLER–PLYMOUTH, INC., et al., Appellees.**

**No. 19107.**

United States Court of Appeals
District of Columbia Circuit.

Argued May 26, 1965.

Decided Aug. 24, 1965.

---

1. Of course, if any capital has been returned to the owners, in any way, the year and amount thereof also should be disclosed.

Mr. Nathan L. Silberberg, Washington, D. C., for appellant.

Mr. Samuel Green, Washington, D. C., with whom Messrs. Sol Friedman and Leonard L. Lipshultz, Washington, D. C., were on the brief for appellees.

Before DANAHER, Circuit Judge, and BASTIAN, Senior Circuit Judge, and LEVENTHAL, Circuit Judge.

DANAHER, Circuit Judge:

Appellant sought damages for injuries received on February 16, 1963, when she was struck by a car driven by one Addison, a defendant in the District Court action. The complaint alleged further and the appellee denied that the car was then owned and controlled by the codefendant, appellee here, thus raising an issue as to ownership. Summary judgment was entered for the car dealer, the appellee.

On appeal the appellant alleges error in that the movant had failed to comply with District Court Rule 9(h) which in pertinent part provides that a movant for summary judgment shall serve and file "a statement of the material facts as to which the moving party contends there is no genuine issue." An opposing party is permitted to file a concise statement "setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated." Thereupon the court may assume the facts to be as contended by the movant "except as and to the extent that such facts are asserted to be actually in good faith controverted" in the opposition statement.

The appellee with its "Statement of Facts" filed a copy of the retail installment contract entered into with Addison as of February 14, 1963, and of appellee's assignment of the paper to Commercial Credit Corporation as of February 15, 1963. Also exhibited was a copy of Addison's application to the District of Columbia for a certificate of title. That document described Addison as having acquired ownership of the vehicle on February 14, 1963, and also designated Commercial Credit Corporation as holder of the first and only lien on the car. Appellee's "Statement" further cited to appellant's pre-trial interrogatory to Addison who was asked: "When, from whom and under what terms did you obtain possession of the vehicle involved in this accident?" and Addison's answer: "Through Jay Willis, salesman of ACP, Inc. on Feb. 14, 1963."

Appellant's "Opposition" contained no allegation that the February 14, 1963 transactions were sham or that the documents were fraudulent in any material respect. Appellant's Opposition rather pointed to a clause in the conditional sales contract: "Title to car shall remain in seller (Anacostia) until all amounts owing hereunder are fully paid in cash." Appellant further referred to her interrogatories to Addison and his reply that Anacostia "had agreed to handle for him all insurance coverage necessary other than that required by the finance company, and that at the time of the accident [February 16] he was on his way to Defendant Anacostia, at its request." Appellant's Opposition also stated that Addison had said he never

had paid for the tags which were "already on the car when he took it."

Appellee then filed a Reply to the Opposition and attached two additional exhibits: a Special Use Tag, issued by the District Department of Motor Vehicles on February 14, 1963, bearing "Name of owner David S. Addison" ; and appellee's invoice to Addison, dated February 14, 1963, in much detail which included items covering the District registration fee, inspection fee and "Tag serv. 2."

Addison's lawyer had died, but the judge was informed that Addison was in court without counsel when the appellee's motion came on for hearing. After respective counsel for the appellee and the appellant had argued their claims as to the effect of the documentary evidence, in light of the pleadings and the record of the pre-trial discovery proceedings, the judge asked if there was anything Addison wanted to say. "No, Your Honor," he replied.

The record overwhelmingly supports the conclusion of the trier that there were no genuine issues of material fact as to Addison's ownership of the car on the day of the accident. The documentary evidence was irrefutable on its face as between Addison and the appellee. Certainly the allegation that Addison had not paid for the tags changed nothing, even if it were true despite record evidence to the contrary. If Addison and the company had an agreement that the latter was to arrange insurance coverage other than that for which Addison clearly had contracted to pay as the document showed, he was free to assert that claim against the appellee either in a cross-complaint or in a separate action. He did neither. His answer to the complaint had simply denied liability.

Appellant had alleged only that "Upon information and belief, said automobile was owned and controlled by Defendant Anacostia." To the extent reliance is now placed upon a clause in the conditional sales contract which reserved title to the seller, we read the instrument as providing only a typical means of achieving security for the unpaid balance of the agreed purchase price.[1] Conclusions of like import by our courts in not dissimilar situations are further reflected in the definition of "Owner" in the Motor Vehicle Safety Responsibility Act[2] which, in part, provides:

> "A person who holds the legal title of a vehicle, or in the event a vehicle is the subject of an agreement for the conditional sale or lease thereof * * * with an immediate right of possession vested in the conditional vendee or lessee * * * then such conditional vendee or lessee * * * shall be deemed the owner for the purpose of this chapter."[3]

We find no error in the District Court's conclusion respecting the alleged failure by the appellee to comply with the court's Rule 9(h). Were that not so, however, after extensive consideration of the entire record, we are satisfied that in any event there was no error.

Affirmed.

---

1. District of Columbia v. Hamilton Nat'l Bank of Washington, 76 A.2d 60 (D.C. Mun.App.1950); cf. Ballinger v. West Publishing Co., 44 App.D.C. 49 (1915). Even that interest had been assigned on February 15, 1963, to Commercial Credit Corporation.

2. D.C.Code § 40-418(g) (1961); cf. Mason v. Automobile Finance Co., 73 App. D.C. 284, 287, 121 F.2d 32, 35 (1941).

3. And so as to registration, D.C.Code § 40-101(c) (1961).