Frances M. FREI, Administratrix of the Estate of Thomas F. Lundregan, deceased, Appellant,

v.

Samuel GORDON, t/a Red's Sales & Service, Appellee.

No. 3780.

District of Columbia Court of Appeals.

Argued Nov. 22, 1965.

Decided Dec. 23, 1965.

Jeremiah D. Griesemer, Temple Hills, Md., for appellant.

Irwin Mininberg, Washington, D. C., for appellee. Milford F. Schwartz, Washington, D. C., was on the brief for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge:

On February 19, 1963, Thomas F. Lundregan executed a promissory note for $2,520 payable to The First National Bank of Washington in installments of $70 per month starting March 20, 1963, as consideration

for his purchase of a 1962 Studebaker Station Wagon from appellee, possession of which had been delivered to Lundregan on February 14, 1963. The note was secured by a chattel deed of trust executed by him on February 24, 1963. As a trade-in, Lundregan assigned to appellee a 1956 Cadillac for which he was allowed a credit of $700 on the net purchase price of the Studebaker. On March 5, 1963, Lundregan died and Frances M. Frei, his daughter, was appointed administratrix of her father's estate. She agreed to pay the balance due on the automobile as soon as estate funds were available, and thereafter payments totaling $1,722 were made to the bank by appellee as endorser on the note.

When appellant refused to reimburse appellee for the amount he had paid to the bank, the seller filed suit against her as administratrix of the Lundregan estate. After trial the court found that a valid sale had been consummated between Lundregan and appellee and that there had been a transfer of title to the decedent. From a judgment for $1,722 in favor of appellee upon his complaint and also upon the counterclaim,[1] the administratrix has brought this appeal.

Appellant contends the trial judge erred in holding that there had been an executed contract of sale between the decedent and appellee. She argues that appellee's neglect to deliver the Manufacturer's Certificate of Origin showing transfer of the Studebaker on January 16, 1963, to appellee and the Certificate of Title to either her father or to her as his administratrix rendered the contract executory. She also asserts that the prime purpose of the agreement between Lundregan and appellee was to avoid the registration laws, recordation taxes and license fees and the contract was therefore against public policy and should not be enforced.

Where there is a showing that the buyer's and seller's minds have met upon all the essential terms of a contract of sale and the automobile is delivered by the seller and unconditionally accepted by the buyer, such transaction constitutes a sale despite any omission to comply strictly with the law regulating transfer and recordation of title. D.C.Code, 1961, § 40–101(c), § 40–418 (g); Burt v. Cordover, D.C.Mun.App., 117 A.2d 116 (1955), citing Mason v. Automobile Finance Co., 73 App.D.C. 284, 121 F.2d 32 (1941); Gasque v. Saidman, D.C.Mun.App., 44 A.2d 537 (1945). Compare Johnson v. Keyes, D.C.App., 201 A.2d 24 (1964). Such is the situation in the present case. All the essentials of a bona fide sale had been met despite appellee's failure to make actual delivery of the certificate of title to the buyer—not an unusual delay but a recognized practice in a case involving a conditional sales contract. There was a meeting of minds between decedent Lundregan as buyer and appellee as seller, execution of the promissory note duly secured by a chattel deed of trust, acceptance of a trade-in motor vehicle, and delivery of the new car which was still in the possession of the buyer's estate. From all practical aspects, the decedent was the true owner of the automobile.

We find no evidence in the record of a "deliberate, intentional violation" by both the buyer and the seller of the law governing transfer of title. The charge that the contract of sale should not be enforced because it was illegal and contrary to public policy is wholly without merit and without support in the record before us.

We have considered the other errors claimed by appellant and find them to be equally without substance. The judgment of the trial court is therefore

Affirmed.

---

1. As part of the defense, the administratrix filed a counterclaim to recover from appellee the trade-in allowance of $700 on the Cadillac.