Evelyn F. SPINDLE and Robert Lee
Spindle, Jr., Appellants,

v.

Pearl REID, Appellee.

No. 5512.

District of Columbia Court of Appeals.

Argued March 15, 1971.

Decided May 13, 1971.

T. Emmett McKenzie Washington, D. C., for appellants.

Shellie F. Bowers, Washington, D. C., with whom Carlisle E. Pratt, Washington, D. C., was on the brief, for appellee.

Before HOOD, Chief Judge, and KERN and GALLAGHER, Associate Judges.

HOOD, Chief Judge:

Robert Lee Spindle, Jr., the operator of an automobile, and his mother Evelyn F. Spindle, the registered owner of the automobile, appeal from a judgment against them for damages suffered by appellee when there was an intersectional collision between an automobile operated by appellee and the one operated by Robert. The appeal questions (1) the sufficiency of the evidence to warrant a recovery by appellee and (2) the right of recovery in any event against Evelyn F. Spindle.

With respect to the first question, there was conflicting testimony, typical of most intersectional collisions, as to the conduct of both drivers, and we are satisfied that the evidence presented questions of fact for the jury as to both negligence and contributory negligence. We find no basis for disturbing the verdict of the jury in this respect.

A more serious question is presented by the claim of Mrs. Spindle that she was not

responsible for the negligent driving of her son Robert. The uncontradicted testimony was that at the time of the accident Robert was 19 years of age, married, employed, and not living at his mother's home.[1] Some time prior to the accident, the exact time not being shown by the record, Robert, then married and the owner of an automobile, wished to buy a new one. Because the financing bank declined to deal directly with him on account of his minority, title to the new car was taken in his mother's name and she executed the note for the unpaid balance. The downpayment consisted of Robert's old car which was registered in his own name. All payments on the note were made by Robert out of his earnings and he had full control and use of the car. His mother never used the car. It was her understanding that it belonged to her son, that he was paying for it, and that she took title in her name only to accommodate him.

In Smith v. Doyle, 69 App.D.C. 60, 62–63, 98 F.2d 341, 343–344 (1938), where a father was the legal owner of a car that his daughters caused to be bought with their own money for their own purposes, and one of the daughters negligently operated the car, the father was held not liable. The court said:

We know of no case in which, *without a statute*, a merely formal owner of a car has been held liable in circumstances like these. (Emphasis supplied.)

Prior to that decision but after the factual events of the case there was enacted in this jurisdiction an automobile financial responsibility act, now the Motor Vehicle Safety Responsibility Act,[2] and the question here is whether under the Act and the facts of this case Mrs. Spindle was legally responsible for the results of her son's negligent operation of the car. Answer to this question depends upon whether Mrs. Spindle was the "owner" within the meaning of the Act[3] of the car operated by her son.

In Mason v. Automobile Finance Co., 73 App.D.C. 284, 287, 121 F.2d 32, 35 (1941), it was said:

[T]he purpose of the statute was to place the liability upon the person in a position immediately to allow or prevent the use of the vehicle and to do so by giving a lawful and effective consent or prohibition to its operation by others. The object was to control the giving of consent to irresponsible drivers by the one having that power rather than to impose liability upon one having a naked legal title with no immediate right of control.

Following the reasoning of *Mason* this court in Johnson v. Keyes, D.C.App., 201 A.2d 24, 26 (1964), where a husband had registered a car in his wife's name to avoid his creditors, said:

In the case at bar there was ample evidence for the finding that appellee had mere naked legal title to the automobile with no immediate right of control. Though the car was registered in her name, she did not have the power to allow or prevent its use. Under such circumstances she was not the owner of the automobile within the meaning of the Act.

The foregoing cases[4] established the rule in this jurisdiction that regis-

---

1. This last fact was not clearly established by the evidence but was conceded by appellee's counsel at oral argument.

2. D.C.Code 1967, § 40–417 to 40–498c.

3. D.C.Code 1967, § 40–424.
   Whenever any motor vehicle, after the passage of this chapter, shall be operated upon the public highways of the District of Columbia by any person other than the owner, with the consent of the owner, express or implied, the operator thereof shall in case of accident, be deemed to be the agent of the owner of such motor vehicle. * * *

4. *See also* Williams v. Rawlings Truck Line Inc., 123 U.S.App.D.C. 121, 357 F.2d 581 (1965); Bush v. Johnson, D.C. App., 215 A.2d 850 (1966); Burt v. Cordover, D.C.Mun.App., 117 A.2d 116 (1955).

tration of legal title in one's name is not conclusive as to ownership within the meaning of the statute.

■ On the undisputed facts of this case, it is clear that Mrs. Spindle had no right, and attempted no right, to control or prevent the use of the car. At all times her son had complete control and use of it, and he was the owner within the meaning of the Act.[5] Mrs. Spindle was entitled to a directed verdict in her favor.

Judgment against Evleyn F. Spindle is reversed.

Judgment against Robert Lee Spindle, Jr., is affirmed.

---

5. Two cases in other jurisdictions, where the facts were somewhat similar to those here, may appear to be contrary to our holding, but we think they are distinguishable. In Ferguson v. Hurford, 132 Colo. 507, 290 P.2d 229 (1955), the son was living with his mother and she occasionally used the car for her own purposes. In Tuttle v. Trent, 3 Conn.Cir. 591, 222 A.2d 586 (1966), title was taken in the father's name in order to evade a statutory requirement of proof of financial responsibility by a minor prior to registration. If those cases are not so distinguishable, we decline to follow them as being contrary to the established rule of this jurisdiction.