Stephanie LEE, A Minor, et al., Plaintiffs,

v.

**FORD MOTOR COMPANY, Defendant.**

Civ. A. No. 84–0987.

United States District Court, District of Columbia.

Oct. 22, 1984.

Harry L. Ryan, Jr., Arlington, Va., for plaintiffs.

E. Milton Farley, III, Christopher A. Myers, Hunton & Williams, Washington, D.C., for defendant.

MEMORANDUM OPINION AND ORDER

THOMAS F. HOGAN, District Judge.

Plaintiffs brought this action to recover damages for personal injuries sustained by Stephanie Lee on June 24, 1981, when she was struck by a vehicle owned by Defendant Ford and driven by Ronald Fullwood. Fullwood was operating the vehicle within the scope of his employment with the Farm Credit Administration, a federal agency that maintained the vehicle in question under a long term lease agreement with Ford.

Plaintiffs assert that Ford, as the owner of the vehicle, is liable for any negligence of Fullwood which may have resulted in injury to Stephanie Lee. The basis of plaintiffs' legal theory is the District of Columbia's Motor Vehicle Safety Responsibility Act (the Act), which provides that:

> Whenever any motor vehicle ... shall be operated upon the public highways of the District of Columbia by any person other than the owner, with the consent of the owner, express or implied, the operator thereof shall in case of accident, be deemed to be the agent of the owner of such motor vehicle, and the proof of the ownership of said motor vehicle shall be prima facie evidence that such person operated said motor vehicle with the consent of the owner.

D.C.Code § 40–408. The presumption created by the Act works a substantial change in the common law doctrine. *See, e.g., Forrester v. Jerman,* 90 F.2d 412 (D.C.Cir. 1937) (owner of automobile not liable for damages caused by another in use of automobile). By creating a fictitious agency relationship between the driver and owner, the law operates to sustain the owner's responsibility for the automobile's operation even when it is out of the physical control of the owner. The purpose of the act is obvious; it was intended to make automobile owners more conscientious in the loaning of their vehicles by allowing injured plaintiffs to shift the negligent

driver's liability to the owner who consented to the tortfeasor's use of the car.

Defendant Ford has moved for summary judgment on the grounds that it should not be considered the "owner" of the vehicle under the Act as a matter of law. It is to this issue that the Court now turns.

As originally enacted in 1929, the predecessor of the Motor Vehicle Safety Responsibility Act did not contain a definition of the term "owner." [1] Thus, it was left to the courts to give meaning to the statutory language. The leading case under the 1929 statute is *Mason v. Automobile Finance Co.*, 121 F.2d 32 (D.C.Cir.1941).

The issue presented in *Mason* was whether a chattel mortgagee, who held title to an automobile, could be held liable as an "owner" under the presumption created by the statute. The court, noting that the issue was one of first impression, looked to the structure and purpose of the act in order to aid in understanding the statutory language. The court per Justice Rutledge held:

> In the absence of some definite statutory criterion of ownership, we think the purpose of the statute was to place the liability upon the person in a position immediately to allow or prevent the use of the vehicle and to do so by giving a lawful and effective consent or prohibition to its operation by others. The object was to control the giving of consent to irresponsible drivers by the one having that power rather than to impose liability upon one having a naked legal title with no immediate right of control.

121 F.2d at 35. Thus, the Court concluded that statutory ownership for purpose of title registration was not conclusive of ownership status under the 1929 Act.

The language and result in *Mason* was repeatedly followed by the courts of the District of Columbia. For example, in *Gasque v. Saidman*, 44 A.2d 537 (D.C.1945), the court considered whether the person who retained title to a vehicle but relinquished "possession, use, and control"

should be considered an "owner" under the Act. Noting that "[t]he matter has been decided in this jurisdiction by *Mason* ...," the court held that the title holder had "proved that he was not ... the owner" within the meaning of the Act. *Id.* at 538. *See also Burt v. Cordover*, 117 A.2d 116 (D.C.1955). The judicially developed law under the 1929 Act had substituted a practical test of ability to control a vehicle's use for the more rigid legal definition of "owner."

In 1956, Congress enacted the present Motor Vehicle Safety Responsibility Act, currently codified at 40 D.C.Code 40–401, *et seq.* The 1956 Act modified the earlier legislation by, *inter alia*, adding a definition of the term owner:

> [a] person who holds the legal title of a vehicle, or in the event a vehicle is the subject of an agreement for the conditional sale or lease thereof with the right of purchase upon performance of the conditions stated in the agreement and with an immediate right of possession vested in the conditional vendee or lessee, or in the event a mortgagor of a vehicle is entitled to possession, then such conditional vendee or lessee or mortgagor shall be deemed the owner for the purpose of this chapter.

D.C.Code § 40–402(7). However, decisions handed down after the effective date of the 1954 legislation continued to rely on the 1929 Act precedents in the application of the statutory language.

For example, in *Johnson v. Keyes*, 201 A.2d 24 (D.C.1964), the court considered whether the defendant would be liable under the Act for an accident involving a car driven by her estranged husband. Although defendant admitted that she held the legal title of the vehicle, she also testified that the car was in the effective control of her husband who took the car with him following their marital separation. *Id.* at 25. Citing *Mason v. Automobile Finance Co.*, the court held that the defend-

---

**1.** The accident giving rise to this action occurred in the District of Columbia, and the parties agree that the substantive law of the District of Columbia is applicable.

ant "was not the owner of the automobile within the meaning of the Act." [2] *Id.*

This approach to the application of liability under the Act was followed in *McClellan v. Allstate Insurance Co.*, 247 A.2d 58 (D.C.1968), which held that the legal owner of a vehicle would not be liable for damages caused by a driver who obtained control of the car by impersonating a parking lot attendant. The court, citing various cases discussed above, held that the owner in such a case would not be liable under the Act because of the absence of effective ability on the part of the owner to control the vehicle and render meaningful consent to its operation. *Id.* at 61–62.

The Court of Appeals for the District of Columbia Circuit has also maintained a consistent view of the purposes of the Act. In *Herman v. Anacostia Chrysler-Plymouth*, 350 F.2d 781 (D.C.Cir.1965), the court affirmed a grant of summary judgment for defendant car dealer, holding that defendant was not an "owner" of the vehicle which struck plaintiff despite the fact that defendant retained title to the vehicle under the sales contract. *Id.* at 783.

Thus, there is overwhelming precedent for the proposition that the person that holds legal title to a vehicle will not always be deemed to be the "owner" under the Motor Vehicle Safety Responsibility Act. Instead, looking to the purpose of the Act, the courts "place the liability upon the person in a position ... to allow or prevent the use of the vehicle...." *Mason,* 121 F.2d at 35.

In the present case, it is undisputed that Ford lacked "dominion and control" over the vehicle in question. The car had been provided to FCA by Ford while one of the vehicles under a long term lease between the parties was being repaired. *See* Affidavit of J. Barry Coughlin, Legislative Manager, Ford Motor Company, at 2. Under the lease, title remained in Ford but authority to control and operate the vehicles was given to the lessee, FCA. Ford had no immediate right to control the use of the vehicle at the time of the accident.[3] While Ford did indeed "consent" to the operation of its cars by FCA employees, such blanket consent, which is the essence of a contract to lease, does not put Ford in the "position ... to allow or prevent the use of the vehicle ..." in any given case. *Cf. Johnson v. Keyes*, 201 A.2d at 26. It is this *immediate* right of control, as an incident of ownership, that is the focus of the Act in question. Given Ford's position as the lessor of a fleet of automobiles to the FCA, Ford cannot be held liable as an "owner" under the Motor Vehicle Safety Responsibility Act.

Accordingly, it is this 18th day of October, 1984, hereby

ORDERED that the defendant's motion for summary judgment be, and is, granted, and that judgment be entered for defendant.

---

**2.** The defendant in *Keyes,* like Ford, was *not* a "conditional vendee or lessee" or a "mortgagor ... entitled to possession." Despite the fact that her legal status placed her squarely within the definition of owner under the statute, the court nevertheless looked to the purpose of the statute and defendant's actual ability to control the use of the vehicle.

**3.** Plaintiff suggests that Ford, through the lease agreement, retained some control over the vehi-

cle's use and operation. The agreement does restrict operation of the cars to "the continental limits of the United States" and contain precatory language requiring use of the automobile "only in a careful manner." However, the Court does not believe that such broad contractual limits constitute the "dominion and control" over the vehicle contemplated under the statute.