928 F.2d 399
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Irene Agatha JONES, Plaintiff-Appellant,
v.
ROSENTHAL TOYOTA, INCORPORATED; Toyota Motor Sales, U.S.A.,
Incorporated; and Toyota Motor Corporation,
Defendants-Appellees.
 No. 89-2505.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 4, 1990.
Decided March 13, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Norman P. Ramsey, District Judge. (CA-87-3185-R)
 James E. McCollum, Jr., College Park, Md., argued for appellant.
 Delverne A. Dressel, Baltimore, Md., argued for appellee Rosenthal Toyota.
 Steven R. Silberman, Baltimore, Md., on brief for Rosenthal Toyota.
 Joel A. Dewey, Piper & Marbury, Baltimore, Md., for appellees Toyota Motor Sales and Toyota Motor Corporation.
 D.Md.
 AFFIRMED.
 Before K.K. HALL and WILKINS, Circuit Judges, and TILLEY, United States District Judge for the Middle District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Irene Agatha Jones brought this action for damages arising from a one-car automobile accident. She contends that the district court erred in directing a verdict for defendants on her negligent entrustment and vicarious liability claims and in excluding deposition testimony she offered. We affirm.
 
 I.
 
 2
 Lillian J. Rivers, Jones' daughter, entered a conditional sales agreement to purchase a new Toyota Corolla automobile from Rosenthal Toyota, Incorporated ("Rosenthal") on December 8, 1986. Rivers paid a down payment and signed a contract for the balance. The sales agreement was conditional in that it permitted Rosenthal to rescind the sale in the event River's credit application was denied.
 
 
 3
 Rivers testified that soon after she purchased the automobile she began having problems with the steering. She took the vehicle to Rosenthal to be serviced several days before Christmas and told service department personnel that the steering was not operating properly. Rosenthal was unable to examine the steering that day and suggested that Rivers bring the vehicle back after Christmas. On December 29, 1986, Jones was a passenger in Rivers' Toyota when it left the road and struck a telephone pole. Jones was severely injured.
 
 
 4
 Jones brought suit against Toyota Motor Sales, U.S.A., Incorporated, Toyota Motor Corporation (collectively "Toyota"), and Rosenthal alleging negligence, strict liability, breach of warranty, and negligent entrustment. The district court granted defendants' motion for a directed verdict as to Jones' claim of negligent entrustment and found that insufficient evidence had been presented for Toyota to be found vicariously liable. The jury returned a verdict in defendants' favor on the strict liability, warranty, and negligence causes of action.
 
 II.
 
 5
 The tort of negligent entrustment occurs when one makes available to another a chattel which the supplier knows or should know the user is likely to use in a manner involving the risk of physical harm to others whom the supplier should expect to be endangered by its use. Neale v. Wright, No. 50 Sept. Term 1989 (Md. Feb. 5, 1991) (1991 WL 11032). Jones contends that Rosenthal negligently entrusted the automobile to Rivers when it permitted her to leave the service department and suggested that she return the vehicle after Christmas.
 
 
 6
 The first element of the tort of negligent entrustment--making a chattel available--requires that the supplier exercise some measure of control over the chattel. Id. Neither the "conditional" nature of the sales contract nor the notice of steering problems provides an adequate basis for a jury to conclude that Rosenthal exercised a sufficient measure of control over the automobile to "make it available" for Rivers' use. Rivers became the owner of the automobile when she accepted delivery on December 9, 1986 despite the fact that Rosenthal retained title. The "conditional" nature of the sales contract provided a means for Rosenthal to achieve security for the unpaid balance. The contract provisions did not grant Rosenthal an ownership interest in, or control of, the automobile. See Herman v. Anacostia ChryslerPlymouth, Inc., 350 F.2d 781 (D.C.Cir.1965). We conclude that Rosenthal had no interest in the automobile when Rivers brought it in to be serviced that would have entitled Rosenthal to refuse to permit Rivers to take the vehicle that day. An extension of the tort of negligent entrustment to these facts would be an inappropriate expansion of the doctrine.
 
 III.
 
 7
 The district court refused to permit plaintiff to publish to the jury a portion of a deposition of Thomas Teide because Jones had not designated the deposition in accordance with the pretrial order pursuant to local rule. The proffered testimony contained Teide's opinion that it would have been unreasonable for Rosenthal to permit Rivers to drive the automobile away from the service department if she told service personnel that she was having problems with the steering. Defense counsel first learned of Jones' intention to publish the deposition testimony contemporaneously with the proffer. Defendants had not intended to use any portion of the deposition and had had no opportunity to make counter-designations. Although Jones contends the evidence was critical to her case, she failed to offer any explanation as to why the testimony was not included in the designations. While it is possible that less intrusive means may have been available to the district court, under the circumstances we cannot conclude the district court abused its discretion in excluding the evidence.[1] Adalman v. Baker, Watts & Co., 807 F.2d 359, 369 (4th Cir.1986).
 
 AFFIRMED
 
 
 [1]
 Jones contends that the district court erred in concluding that Toyota could not be held vicariously liable. We need not address this issue, however, as our disposition of the appeal as to Rosenthal precludes liability on Toyota's part