Lucy D. DOMÍNGUEZ MOJICA, et al., Plaintiffs,

v.

CITIBANK, N.A., Defendant.

Civ. No. 92–1281(PG).

United States District Court, D. Puerto Rico.

May 18, 1994.

Jorge Ortiz Brunet, Hato Rey, PR, for plaintiffs.

Charles de Mier LeBlanc, Hato Rey, PR, for defendant.

### OPINION AND ORDER

PEREZ–GIMENEZ, District Judge.

### I. INTRODUCTION

On September 2, 1993, this Court issued an Opinion and Order (Docket No. 29) holding that defendant Citibank, N.A., was not liable for damages caused by the alleged negligent driving of the lessee 830 F.Supp. 668. The Opinion and Order was entered on the docket by the Clerk on September 7, 1993.

Plaintiffs Lucy D. Domínguez Mojica, Michelle Sepúlveda, and Vanessa Sepúlveda, filed a Motion to Vacate Judgment (Docket No. 30) pursuant to Rule 59(e) of the Federal Rules of Civil Procedure requesting this Court to stay the proceeding to enforce the judgment, until final disposition at trial of the issues of fact and questions of law raised in

their motion and in all pleadings filed by plaintiffs in the case.

On September 20, 1993, defendant, Citibank, N.A., filed a Motion to Dismiss (Docket No. 31) pursuant to Rules 12(b)(6) and 12(h)(2) of the Federal Rules of Civil Procedure.[1] Based on this Court's ruling Citibank contends that it is not liable pursuant to Section 13–101 of the Vehicle and Traffic Law of Puerto Rico, No. 141 of July 20, 1960, 9 L.P.R.A. § 1751.

On September 27, 1993, plaintiffs filed a motion in opposition to defendants's motion to dismiss and requested summary judgment in their favor (Docket No. 32). Plaintiffs claim that Citibank in their answer to Second Amended Complaint (Docket No. 14) accepted both the driver's, Miriam Rosario Pérez, negligence and its responsibility to pay damages under Section 13–101 of the Vehicle and Traffic Law, *supra*. Plaintiffs suggest that our ruling should be interpreted prospectively, since a retroactive interpretation would deprive plaintiffs of their right to sue, because the statute of limitation is of one year and plaintiffs would be time barred from filing against the driver and the insurance company. Thus, plaintiffs rights to due process under the Constitution of the United States of America would be allegedly violated.

This Court will consider the following motions:

(1) Motion to Vacate Judgment and Stay (Docket No. 30);

(2) Motion to Dismiss (Docket No. 31);

(3) Motion for Summary Judgment (Docket No. 32).

## II. OPINION

On September 2, 1993, this Court examined the responsibility of Citibank, N.A., pursuant to section 13–101 of the Vehicle and Traffic Law, 9 L.P.R.A. § 1751, and ruled that Citibank was not liable because it merely held a naked title to the automobile involved in the accident.

Plaintiffs request this Court to vacate judgment until final disposition at trial of the issues of fact and questions of law raised in their motion and in all pleadings filed by plaintiffs in the case. Although plaintiffs present a well pleaded argument in their motion to vacate and stay, their interpretation of the rule of law runs against the Supreme Court of Puerto Rico's inclination to interpret financial leases as an novel economic and financial mechanism in Puerto Rico not regulated under any special legislation.

For the reasons set forth below, this Court denies plaintiffs motion to vacate judgment and stay and grants defendants motion to dismiss.

In 1946, the Supreme Court of Puerto Rico affirmed a judgment sustaining in part and dismissing in part a complaint in an action for damages against a lessor. In *Rodríguez v. Pérez*, 65 P.R.R. 644, 646 (1946), it was ruled that "[u]nder the lease contract, [the owner] transferred the actual possession, use and control of said truck to [lessee], placing it at his disposal in his capacity as lessee.

---

1. **RULE 12. Defenses and Objections—When and How Presented—By Pleading or Motion-Motion for Judgment on the Pleadings.**

   (a) . . .

   (b) **How Presented.** Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: . . . (6) failure to state a claim upon which relief can be granted, . . .

   (h) **Waiver of Preservation of Certain Defenses.**
   (1) . . .
   (2) A defense of failure to state a claim upon which relief can be granted, a defense of failure to join a party indispensable under Rule 19, and an objection of failure to state a legal defense to a claim may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits.

The latter is liable for any damages caused by the truck in consequence of the negligence of the driver. Such liability *cannot* be imputed to the lessor." Although this ruling appears to resolve the controversy in this case, at the time of the ruling section 13–101, *supra,* had not been approved by the Puerto Rico Legislature. In order to resolve the issue of this case the Court must answer what is the definition of owner, under the Vehicle and Traffic Law.

Puerto Rico's Highest Court in *Cordero Santiago v. Lizardi Caballero,* 89 P.R.R. 148, 151–153 (1963), gave a brief historical review of the legislative action to regulate comprehensively the use and operation of motor vehicles in Puerto Rico. In *Cordero Santiago, supra,* at 154, the Supreme Court ruled that "[a] careful reading of the statute will reveal that the controlling basic fact of liability is that the possession has been obtained with the express or implied authorization of the owner."

Who is an owner under the Vehicle and Traffic Law? Section 1–123 of the Vehicle and Traffic Law, 9 L.P.R.A. § 323, does not define the term owner.[2] The term owner in this section only refers to the fact of registration as evidence of ownership.[3] This section establishes the presumption that the person under whose name a motor vehicle appears registered in the Bureau of Motor Vehicles of the Department of Public Works is the owner of the same. *Díaz Cáceres v. Berríos,* 100 P.R.R. 740 (1972).

What was the legislature's intent in holding the owner of the motor vehicle liable for injuries caused by an operator with the owners vehicle? Did the legislature envision a lessor within the definition of owner? Is a lessor, as owner of the vehicle, responsible for the damages caused by the lessee to any third party?

In our *Opinion and Order* (Docket No. 29) at 5, this Court ruled that "[i]n passing what was to become 9 L.P.R.A. § 1751, the legislature was most concerned with situations where 'the vehicle is given to a person who has no economic resources with which to pay for the damages caused.' "

■ The purpose of section 13–101, *supra,* was to make automobile owners more conscientious in the loaning of their vehicles by allowing injured plaintiffs to shift the negligent driver's liability to the owner who consented to the tortfeasor's use of the car. This would guarantee to any injured person the reparation of the damages caused by the culpable or negligent operation of a motor vehicle. *Cordero Santiago, supra,* 155; *See Lee v. Ford Motor Co.,* 595 F.Supp. 1114 (1984).

In effect, the Puerto Rican Legislature through section 13–101 tried to control the giving of consent to irresponsible drivers by the one having that power, the owner. When section 13–101 was passed in 1960, the leasing of vehicles as a commercial enterprise was not as significant as it is now, therefore, the intent of the Puerto Rican Legislature in enacting section 13–101 of the Vehicle and Traffic Law, *supra,* could not encompass a lessor or its equivalent within its definition of owner. The Legislature's intent was to place liability upon the person in a *position immediately to allow or prevent the use of the vehicle and to do so by others.*

The Supreme Court of Puerto Rico interpreted the leasing contract as "an atypical, *sui generis* contract that is the result of *the changing reality . of the business world.*" *Meyers Bros. v. Gelco,* 114 D.P.R. 116 (1983), Official Translation of the Supreme Court of Puerto Rico, Vol. 14, at 149, 156. Since the leasing contract is not governed by either a provision under the Puerto Rico Civil Code or special legislation, it is guided under the

**2. Owner of vehicle**
 "Owner of vehicle", shall mean any natural or artificial person in whose name a vehicle is registered in the Department. Section 1–123.

**3.** To illustrate this point, assume the registered owner sells his vehicle to another person, however, they forget to change the registration of the automobile. The purchaser is the owner of the vehicle, except for the fact that the person under whose name the car is registered would continue to be considered the owner for purpose of section 1–123. This anomaly creates a situation were two persons would be considered owners for different purposes leading to the result that he, who is no longer the owner because he sold the vehicle, would continue to be considered the owner for liability purposes.

principles of business autonomy consecrated in art. 1207 of the Puerto Rico Civil Code, 31 L.P.R.A. § 3372.[4] *Meyers Bros. v. Gelco, supra,* at 157–158.

What is a lease? "A lease involves payment for the temporary possession, use and enjoyment of goods, with the expectation that the goods will be returned to the owner with some expected residual interest of value remaining at the end of the lease term." White & Summers, *Uniform Commercial Code, Article 2A, Leases of Goods,* 3rd ed., West, 1991, at 5. The leasing contract may be classified depending on its type: (1) a chattel lease, (2) a real property lease, (3) a finance lease, or (4) an operating lease. *Meyers Bros. v. Gelco, supra,* at 154.

The subject contract between Citibank, N.A., and Miriam Rosario Pérez is a finance lease. A finance lease is the functional equivalent of an extension of credit. Huddleson, *Old Wine in New Bottles: UCC Article 2A—Leases,* 39 Ala.L.Rev. 615, 660 (1988). "In the finance lease, there usually is a three party relation. The lessor is a financial middleman between the supplier and the lessee." *Meyers Bros. v. Gelco,* at 154–155.[5] The bank is only a finance lessor, and deals largely in paper, rather than goods.

> Finance lessors include banks, insurance companies and other financial institutions that provide funds to help businesses acquire products and equipment for commercial use. Instead of financing the purchase directly and accepting a security interest, the finance lessor obtains title to the property and "leases" it to the actual user.... Finance companies have the merely tangential function of providing money to make the purchase of a product possible.... [T]he finance lessor rarely ever take physical possession of it.

Ausness, *Strict Liability for Chattel Leasing,* 48 U.Pitt.L.Rev. 273, 347–348 (1987).

This Court holds that the Legislature of Puerto Rico never intended that lessors, as owner, having a naked legal title with no immediate right of control be held liable. *See Curtis v. Cuff,* 537 A.2d 1072, 1073 (D.C.Ctr.App.1987); *McClellan v. Allstate Insurance Company,* 247 A.2d 58, 61 (D.C.Ctr.App.1968); *Williams v. Rawling Truck Line, Inc.,* 357 F.2d 581, 585 (1965). To interpret the intent differently would restore the rule of law prior to the passage of section 13–101, that is, if a lessor-owner is held responsible, the authorized operator of the vehicle, "unconcerned about the risk thereby created to this fellow citizens, may lend his vehicle to a person lacking skill, good judgment, circumspection, or perhaps with defective eyesight or some other physical impairment, without being held liable for such action...." *Cordero Santiago, supra,* at 156.

■ In the present case, it is undisputed that Citibank, N.A., lacked "dominion and control" over the vehicle in question. Citibank, N.A., under the lease contract retained title to the vehicle, but authority to control and operate it was given to the lessee. The 1960 Vehicle and Traffic Law never intended to make the owner for liability purposes, of someone who acquired such ownership through an agreement that gave him no material supervision and control of the vehicle and no expectancy or interest in ever exercising any such control over the vehicle except as a way of protecting his financial interest upon lessees default. Citibank, N.A., had no immediate right to control the use to the vehicle at the time of the accident, although it did authorize to the operation of the vehicle by lessee. However, Citibank, N.A.'s consent, which is the essence of the lease contract does not place Citibank in the position to control or prevent the use of the vehicle in any given case. *See Lee v. Ford*

---

4. Article 1207 provides: "The contracting parties may make the agreement and establish the clauses and conditions which they may deem advisable, provided they are not in contravention of law, morals, or public order."

5. To illustrate the classic finance lease transaction, assume that an airline selects a 747 and negotiates over its particular configuration with

Boeing. Instead of purchasing the 747, the airline then arranges for a bank to purchase it and for the bank to lease the aircraft to the airline. Although the document between the bank and the airline would be a true lease and not a security agreement, this transaction between the airline and the bank is first and last a financing transaction. White & Summers, *supra.,* at 20.

*Motor Co., supra,* at 1116. Therefore, Citibank, N.A., can not be held liable under section 13–101 for the negligent acts of the lessee, who had control and use of the vehicle in question.

"In congruence with the jurisprudential trend of the Supreme Court of Puerto Rico and many other jurisdictions, this Court holds that defendant Citibank is not liable for the damages caused by the negligent driving of lessee." *Opinion and Order,* Docket No. 29 at 12.

For the reasons set forth, this Court **DENIES** plaintiffs' motion to vacate judgment and stay (Docket No. 30) and **GRANTS** defendant's motion to dismiss (Docket No. 31). Plaintiffs' motion for summary judgment is now **MOOT** (Docket No. 32).

**IT IS SO ORDERED.**