**Kelli SHANNON–HUBER, Appellant,**

v.

**GENERAL ELECTRIC CAPITAL AUTO LEASE, INC., Appellee.**

No. 95–CV–893.

District of Columbia Court of Appeals.

Argued March 20, 1996.

Decided May 23, 1996.

Joseph J. Mulhern, Rockville, MD, with whom Patrick E. Ronan, was on the brief, for appellant.

David B. Stratton, with whom David P. Durbin and William W. Nooter, Washington, DC, were on the brief, for appellee.

Before FERREN and STEADMAN, Associate Judges, and GALLAGHER, Senior Judge.

GALLAGHER, Senior Judge:

Appellant Kelli Shannon–Huber, plaintiff below, challenges the granting of summary judgment in appellee General Electric Capital Auto Lease, Inc.'s favor in an action stemming from an automobile accident in which she was hurt. Appellant claimed that appellee, the lessor of a vehicle driven by the lessee, is liable for her injuries. The trial

court granted summary judgment against her and we affirm.

Appellee General Electric Capital Auto Lease, Inc. leased a car to one Michael McCaleb by an agreement giving McCaleb the right to purchase the vehicle and possess it. It was alleged that McCaleb, while driving the car, injured appellant. On the strength of D.C.Code § 40–408 (1990 Repl.), providing for owner liability for the operation of a vehicle, appellant sued appellee General Electric Capital for injuries resulting from the accident. The trial court granted summary judgment against plaintiff/appellant in reliance on D.C.Code § 40–402(7) (1990 Repl.), and *U–Haul Co. of East Bay v. State Farm*, 616 A.2d 1264 (D.C.1992).

Under D.C.Code § 40–408, the "owner" of a vehicle is liable for injuries caused by the consensual operation of the vehicle by another. Section 402(7) defines what is meant by "owner" in section 408, providing:

> [I]n the event a vehicle is the subject of an agreement for the conditional sale or lease thereof with the right of purchase upon performance of the conditions stated in the agreement and with an immediate right of possession vested in the conditional vendee or lessee ... then such conditional ... lessee ... shall be deemed the owner for the purpose of this subchapter.

 In the context of a vehicle lease, then, subsection (7) plainly provides that the owner shall be the lessee where there is a right of purchase and the lessee has an immediate right of possession. By its express terms, subsection (7) applies here because the lease agreement gave McCaleb the right to immediate possession of the car, as well as the right to purchase it at the conclusion of the lease term. In short, the undisputable facts of this case mirror the plain language of the statute, thereby shielding appellee General Electric Capital from liability under § 408 as the owner of the vehicle.

In *U–Haul Co. of East Bay, supra,* 616 A.2d at 1265–66, we held that subsection (7) does not make an owner of a person who rents a truck with no right-of-purchase. We there distinguished the situation in *Lee v. Ford Motor Co.*, 595 F.Supp. 1114 (D.D.C. 1984), where a federal district court held that whether a lessee had legal title was not determinative. In holding that the court need not determine whether such a construction was at odds with the statute, we found that in no manner did the U–Haul lessee gain "virtual ownership" as had the lessee in *Lee.* 616 A.2d at 1266. We also noted that subsection (7) does not make owners those legal titleholders "whose equitable title has shifted to someone else." *Id.* at 1265.

Invoking these statements in our decision in *U–Haul of East Bay,* appellant asserts that the trial court erred here in ruling that subsection (7) shielded appellee from liability as a matter of law. Since we stated that subsection (7) "excludes" from ownership lessors with mere legal title, appellant argues that we necessarily held that subsection (7) "may include" in its definition of owners those who have more than mere legal title. In support, appellant points to clauses in the lease agreement providing that the lessee shall have absolutely no equity or ownership rights in the vehicle until the option-to-purchase is exercised, and requiring McCaleb to get appellee's express permission before letting someone else drive the car.

Regardless of whether appellee was something more than a mere legal titleholder, we reject appellant's argument that we suggested that such a lessor is an owner within the meaning of subsection (7), notwithstanding the plain language of that subsection. In *U–Haul of East Bay,* we merely explained why the statute did not spare U–Haul from liability in that case. We did not conclude that a party falling outside the plain requirements of subsection (7) was nonetheless an owner by virtue of the statute or our construction thereof. Thus, lessors who give lessees the right to immediate possession and the option to purchase are not owners under § 40–408.

By the plain language of § 40–402(7), McCaleb and not appellee was the owner of the vehicle for the purposes of the subchapter at issue. The trial court's grant of summary judgment in favor of appellee lessor was therefore correct and is affirmed.

*Affirmed.*