Brenda **PERKINS**, Plaintiff,

v.

**UNITED STATES of America, et al., Defendants.**

No. CIV. A. 99–1757(JMF).

United States District Court, District of Columbia.

Jan. 30, 2002.

---

David E. Fox, David E. Fox & Associates, Washington, DC, for Plaintiff.

Diane Marie Sullivan, U.S. Attorney's Office, Michael E. Miller, Office of Corporation Counsel, D.C., Washington, DC, for Defendants.

## MEMORANDUM OPINION

FACCIOLA, United States Magistrate Judge.

Currently pending and ready for resolution is the *Motion of Defendant Wayne Aaron Person to Dismiss or for Summary Judgment* ("Defs.Mot."). For the reasons set forth below, defendant's motion will be granted.

## Introduction

Plaintiff, Brenda Perkins ("Perkins"), claims that while driving her car on the grounds of St. Elizabeth's Hospital on April 4, 1997, she was hit by a vehicle driven by defendant Wayne Aaron Person ("Person"). On June 28, 1999, plaintiff sued the United States ("U.S.") and the General Services Administration ("GSA"). On January 5, 2001, the complaint was amended to include the District of Columbia ("D.C."), and Person individually. On January 19, 2001, I denied the federal defendants' (U.S. and GSA) motion to dismiss or in the alternative for summary judgment. My decision was based in large part on my determination that the federal defendants had not sufficiently argued why the tension between two particular cases that speak to the issue of a lessor's liability [1] should be resolved in their favor. Additionally, I was not persuaded in any significant way that the federal regulation that governs accidents involving GSA fleet vehicles (41 C.F.R. § 101–39.405(a)(2000)) negates liability under the Federal Tort Claims Act. 28 U.S.C.A. § 2671 (1994).

I did, however, grant D.C.'s motion to dismiss or for summary judgment, after concluding that there was no issue of genuine material fact that plaintiff never gave sufficient notice under D.C.Code Ann. § 12–309 (2001).

## Discussion

■ Person, appearing through Corporation Counsel, now moves pursuant to Federal Rules of Civil Procedure 12(b)(6)

---

1. *See Lee v. Ford Motor Co.,* 595 F.Supp. 1114 (D.D.C.1984) and *U–Haul Co. of East Bay,* *Inc. v. State Farm Mut. Auto. Ins. Co.,* 616 A.2d 1264 (D.C.1992).

and 56 to dismiss or for summary judgment on the theory that Person was acting within the scope of his employment for the District of Columbia at the time of the accident. D.C.Code § 2–415 (2001), captioned "Actions against District employees for negligent operation of vehicles barred; indemnification of medical employees; disciplinary actions," states the following:

> ... no civil action or proceeding shall be brought or be maintained against any employee of the District for loss of or damage to property or for personal injury, including death, resulting from the operation by such employee of any vehicle if it be alleged in the complaint or developed in a later stage of the proceeding that the employee was acting within the scope of his office or employment, unless the District shall, in an action brought against it for such damage or injury, including death, specifically deny liability on the ground that the employee was not, at the time and place alleged, acting within the scope of his office or employment. If in any such civil action or proceeding pending in a court in the District of Columbia ... the District has not been named as a defendant, said District shall be joined as a defendant and after its answer has been filed and subject to the provisions of the preceding sentence, the action shall be dismissed as to the employee and the case shall proceed as if the District had been a party defendant from the inception thereof.

D.C.Code Ann. § 2–415 (2001). Person argues that his dismissal from the case is proper because plaintiff's amended complaint acknowledges that:

> Person was, at the time in the employ of either the GSA/U.S. or D.C. The vehicle he was operating was apparently owned by GSA/U.S. and leased to D.C. Defendant Person was then and there operating the above government vehicle in the course of his employee and with the permission of both the U.S. and D.C. and presumptively as an agent and/or borrowed servant respectively of those government agencies.

*First Amended Complaint* ("Amend. Comp.") at 2.

Hence, plaintiff may not sue an employee of the District of Columbia for damages arising out of an automobile accident when that employee was acting within the scope of his employment. There is no genuine issue of material fact that defendant Person was an employee of the District of Columbia and acting within the scope of his employment. According to the affidavit submitted by defendant Person, he admits to being an employee of the District of Columbia at the time of the accident. *Affidavit of Wayne Aaron Person*, Defs. Mot. at Exhibit 1. He further states that he was acting within the scope of his employment at the time of the accident. *Id.* In addition, according to the declaration of Ora Shackelford ("Shackelford"), Personnel Management Specialist with GSA, Person did not work for the GSA.[2] *Declaration of Ora Shackelford*, Defs. Mot. at Exhibit 2. Plaintiff offers no countervailing affidavit and her failure requires that summary judgment be granted. Fed.R.Civ.P. 56(e). *See Thompson v. Evening Star Newspaper Co.*, 394 F.2d 774, 777 (D.C.Cir.), *cert denied.*, 393 U.S. 884, 89 S.Ct. 194, 21 L.Ed.2d 160 (1968).

Plaintiff argues, however, that the principle of "equitable estoppel" requires that an individual who, by his or her conduct, has induced reliance on a set of facts which are not true, be estopped from asserting the truth as a defense. In *Heckler v. Cmty. Health Servs.*, 467 U.S. 51, 104 S.Ct.

**2.** Shackelford searched GSA records from 1983 to 1999.

2218, 81 L.Ed.2d 42 (1984), the Supreme Court stated that a claim of estoppel might prevail where:

> 1) "one person makes a definite misrepresentation of fact to another person having reason to believe that the other will rely upon it, 2) the party claiming the estoppel must have relied on its adversary's conduct 'in such a manner as to change his position for the worse,' and [3) ] that reliance [was] reasonable in that the party claiming that estoppel did not know nor should have known that its adversary's conduct was misleading."

*Id.* at 59, 104 S.Ct. 2218 (citations omitted). *Accord: Graham v.SEC,* 222 F.3d 994, 1007 (D.C.Cir.2000); *Moore v. Blue Cross and Blue Shield of Nat'l Capital Area and Capitalcare, Inc.,* 70 F.Supp.2d 9, 26–28 (D.D.C.1999); *Chubb Integrated Sys., Inc. v. Nat'l Bank of Washington,* 658 F.Supp. 1043, 1050(D.D.C.1987).

Significantly, the Supreme Court added the following footnote to its decision in *Heckler:*

> " 'The truth concerning these material facts must be unknown to the other party claiming the benefit of the estoppel, not only at the time of the conduct which amounts to a representation or concealment, but also at the time when that conduct is acted upon by him. If, at the time when he acted, such party had knowledge of the truth, or had the means by which with reasonable diligence he could acquire the knowledge so that it would be negligence on his part to remain ignorant by not using those means, he cannot claim to have been misled by relying upon the representation or concealment.' "

*Heckler v. Cmty. Health Servs.,* 467 U.S. at 59 n. 10, 104 S.Ct. 2218 (*quoting* 3 J. Pomeroy, *Equity Jurisprudence* § 810 at 219 (S. Symons ed.1941)) (citations omitted).

■ In an attempt to rely on these principles, plaintiff argues that Person should be estopped from claiming that he is an employee of the District of Columbia. First, plaintiff argues that his current assertion "directly contradicts the clear implication left by his statements at the time of the accident (as set out in his accident report) that he was a GSA or U.S. Government employee." *Plaintiff's Response in Opposition to Motion of Defendant Wayne Aaron Person to Dismiss or for Summary Judgment* ("Plains.Opp.") at 3. However, plaintiff fails to show that Person made any representations, let alone any misrepresentations whatsoever about his employer. Person reported truthfully on the accident report that the vehicle he was driving was owned by GSA. Although plaintiff contends that "it may never be clear why defendant Person did not make it clear that he was not a GSA employee," plaintiff does not provide any proof that Person affirmatively stated or even suggested that he was a GSA employee. According to the "Government of the District of Columbia Department of Public Works Bureau of Motor Vehicle Services" accident report, Person lists the vehicle owner as "GSA U.S. Government." Plains. Opp. at *Plaintiff's Exhibit A.* Person in no way provided false or misleading information on the accident report. The report merely required that the vehicle owner be identified. The vehicle owner was in fact GSA.

Second, plaintiff argues that "it was reasonable for her to act on the basis of defendant Person's representations as to his employer." Plains. Opp. at 3. Again, however, there is no proof that Person actually made any statements about his employer. Person merely indicated on the accident report that the vehicle in question was owned by GSA. In addition, even al-

lowing for the possibility that plaintiff's belief about Person was reasonable, it was plaintiff's obligation to verify that Person did in fact work for GSA. This she failed to do.

Third, plaintiff claims that she "relied to her detriment on defendant Person's statement that he was a GSA employee in that, rather than giving the required Notice to the District of Columbia within 6 months of the accident, she made a Federal Tort Claims Act claim and began negotiations with the U.S. Government to settle her claim." Plains. Opp. at 3. But, once again, Person never represented to anyone that he was employed by the GSA. Any negotiations plaintiff may have had with the U.S. Government are completely irrelevant to the issue of whether or not Person's conduct reasonably induced reliance on a set of facts which were not true. That the U.S. was as confused as plaintiff as to Person's employee status is irrelevant to her claim of estoppel which has to be based on what Person did or said and not what the U.S. said or did.

### Conclusion

Having thus concluded that plaintiff may not sue defendant Person under D.C.Code, § 2–415 (2001) and having further concluded that the doctrine of estoppel does not apply in this instance, defendant Person's motion will be granted. An Order accompanies this Memorandum Opinion.